UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| PABLO MELENDEZ, JR., | § § § § | |
| Petitioner, | § § | |
| v. | § § § | CAUSE NO. 4:00-cv-00190-Y |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | CAPITAL HABEAS CASE |
| Respondent. | § § | |

## ADVISORY

Petitioner, Pablo Melendez, Jr., by and through undersigned counsel, and pursuant to this Court's Order filed May 8, 2020, hereby (1) advises this Court that former federal habeas counsel, Jack Strickland, has shipped files to undersigned counsel; (2) provisionally answers this Court's question regarding sanctions; and (3) answers this Court's question regarding whether Mr. Melendez has filed a grievance against his former counsel. If this Advisory proves satisfactory, and, in light of the COVD-19 pandemic and the status of the case, the Court thinks it appropriate, counsel proposes cancelling the hearing set for May 13, 2020, pending counsel's review of the files Mr. Strickland shipped today by FedEx.

On May 8, 2020, this Court issued an Order setting for May 13, 2020, at 2:00 p.m., a hearing on Non-Compliance with the Order granting Petitioner's Motion for Production of Client Files. ECF No. 35. This Court directed both Mr. Strickland and the undersigned

counsel to appear and answer two questions: (1) whether Mr. Strickland should be sanctioned for failing to comply with this Court's order filed February 6, 2020; and (2) whether Petitioner has filed a grievance against Mr. Strickland. This Court further ordered undersigned counsel to ensure that Mr. Strickland received notice of the Order.

Based on current information, detailed below, Petitioner's response to this Court's first question is, "maybe," but that cannot be determined at present.

On May 11, 2020, undersigned counsel reached out to Mr. Strickland via telephone (at his office and mobile numbers), text message to his cell phone, and email to inform him of the upcoming hearing. On May 12, 2020, undersigned counsel emailed and texted Mr. Strickland again. Mr. Strickland responded by text message that he was prepared to advise this Court that he had "unearthed anything that I have, but need court authorization to copy it." He further indicated that he wished to retain the original or a copy, and proposed to deliver his file to a copy service. He expected the copying to be "expensive" and sought assistance with the cost.

Undersigned counsel repeated an earlier offer to cover the costs of providing Mr. Strickland a copy of the file and shipping. Undersigned counsel also offered to provide this Court with proof of shipping today, May 12, 2020, and to propose that the hearing be cancelled. Undersigned counsel offered to send prepaid FedEx shipping labels to Mr. Strickland for the originals and to ship him, at no cost to him, a copy of the file. Mr. Strickland indicated that he would ship what he had today.

Based on Mr. Strickland's receipt for the shipment, which is attached hereto, undersigned counsel believes that a hearing on Mr. Strickland's non-compliance with this

Court's February 6, 2020 Order Granting Unopposed Motion for Production of Client Files (ECF No. 32), may no longer be necessary or at least timely.

Upon receipt of the shipment, should undersigned counsel find that the files are incomplete, undersigned counsel will immediately seek the complete files from Mr. Strickland. If the file is not completed promptly, Petitioner will move for sanctions pursuant to this Court's contempt power, its inherent powers under *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), and/or 28 U.S.C. § 1927.

At this time, undersigned counsel would offer that although Mr. Strickland was in violation of this Court's February 6 Order, and this Court would be well within its power to impose sanctions, *Young v. U.S. ex rel. Louis Vuitton et Fils S.A.*, 481 U.S. 787, 796 (1987), it may be that Mr. Strickland has purged the contempt. *See United States v. Rylander*, 460 U.S. 752, 757 (1983). Although the burden is on Mr. Strickland to demonstrate compliance, and to persuade the Court that sanctions are unwarranted, *Rylander*, 460 U.S. at 757; *Maggio v. Zeitz*, 333 U.S. 56, 75-76 (1948), Mr. Strickland cannot do that while the file is in transit. Therefore, any decision on sanctions should be postponed.

With regard to whether Mr. Melendez has filed a bar grievance against Mr. Strickland, the answer is that he has not yet done so. Though undersigned counsel has spoken with him about the possibility of making such a filing, the contents of those conversations are privileged, and the thinking behind any such advice is protected by the work-product doctrine. Of course, should this Court order undersigned counsel to disclose the information, undersigned counsel will comply in a sealed filing to the full extent the law permits.

Petitioner submits that the hearing may not be warranted at this time in view of the foregoing, various directives to minimize travel and in-court hearings to reduce the spread of the novel coronavirus, and the status of this case. Texas has taken no position on the pending matter. That implies the State will not be prejudiced if the matter is continued. Mr. Melendez certainly seeks a timely resolution of this matter but it may be that a resolution is at hand.

DATED: May 12, 2020

Respectfully submitted,

MAUREEN FRANCO
FEDERAL PUBLIC DEFENDER

/s/ Tivon Schardl
Tivon Schardl
Capital Habeas Unit Chief
FL Bar No. 73016
Federal Defender Office
919 Congress, Suite 950
Austin, Texas 78701
737-207-3007 (tel.)
512-499-1584 (fax)
Tivon_Schardl@fd.org

Attorneys for Petitioner Pablo Melendez, Jr.

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of May 2020, I electronically filed the foregoing Advisory with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record. L.R. 5.1(d). I further certify that on the same date I served the same motion and proposed order by United States Mail, first class postage prepaid, on attorney Jack Strickland, 909 Throckmorton Street, Fort Worth, Texas, 76102-6321, and emailed it to him.

　　　　　　　　　　　　　　　　　　　　/s/ Tivon Schardl
　　　　　　　　　　　　　　　　　　　　TIVON SCHARDL