UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

| | | |
|---|---|---|
| PABLO MELENDEZ, JR., | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. 4:00-cv-00190-O |
| | § | |
| LORIE DAVIS, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | CAPITAL HABEAS CASE |
| | § | |
| Respondent. | § | |

## STATUS REPORT

Petitioner, PABLO MELENDEZ, Jr., by and through undersigned counsel, and pursuant to this Court's Order filed May 12, 2020, ECF No. 39, hereby advises the Court as follows.

On May 12, 2020, the day before this Court was to hold a hearing to address prior habeas counsel Jack Strickland's failure to comply with this Court's order to compel production of Mr. Melendez's complete file to present counsel (hereinafter "the CHU"), Mr. Strickland sent the CHU a single box of documents.

The CHU promptly reviewed those documents and identified materials that referred directly or alluded to other matter that was not in the box. On May 27, 2020, the undersigned

wrote to Mr. Strickland, providing the factual basis for believing that certain documents were missing, and requesting that he clarify whether he could provide the missing material.

Mr. Strickland was able to resolve one question about missing transcripts. He was unable to locate documents fitting the following descriptions:

- Electronically stored files including, but not limited to, emails, spreadsheets, word-processing files (draft and final word versions), scanned documents, scanned images, recordings, videos, digital images;

- Some work-product from an investigator appointed in federal habeas proceedings;

- Documents and files created or possessed by trial counsel Warren St. John and any others who worked with him on the case;

- Documents and files created or possessed by trial counsel James Teel and any others who worked with him on the case;

- Documents and files created or possessed by trial investigator Larry Hickman and any others who worked with him on the case;

- Documents and files created or possessed by appellate counsel Allan Butcher and any others who worked with him on the case;

- Some documents and files created or possessed by experts and any others who worked with them on the case;

- Documents and files created or possessed by a state habeas investigator and any others who worked with him on the case;

- Documents and files created by Mia de Saint Victor and any others who worked with her on the case;

- Correspondence and/or releases related to social-history documents.

On May 29, 2020, Mr. Strickland responded by text message that he had returned the trial transcripts to the court, which was confirmed in the records he sent. Mr. Strickland stated that he would search his record storage facility for other documents.

On June 1 and 3, in light of newly obtained evidence, the undersigned further wrote to Mr. Strickland to request any documents related to a clemency petition that had been submitted on Mr. Melendez's behalf.

On June 8, having received no response, the undersigned emailed Mr. Strickland to request an update on his records search. Mr. Strickland responded that he had gone through his record storage unit but found nothing related to Mr. Melendez's case or the undersigned's additional, specific requests. Mr. Strickland mentioned that he had a large number of documents destroyed, but later, on June 10, clarified that he had not designated any of Mr. Melendez's files for destruction, although he could not say for certain that no mistakes were made at the time.

On June 12, Mr. Strickland informed the undersigned that he searched his storage facility the previous day and found no records related to Mr. Melendez's case.

While it is anomalous and disturbing that Mr. Strickland's files on Mr. Melendez's case did not include documents created by, or records from, trial counsel, appellate counsel, post-conviction investigators and experts, and lawyers who volunteered to assist Mr.

Strickland in 2005, the undersigned has no basis for asserting that Mr. Strickland is withholding those documents in violation of this Court's Order.

Because Mr. Melendez understands, based on representations made by Mr. Strickland, that Mr. Strickland has now turned over to the undersigned all files related to Mr. Melendez's case that were in his possession, Mr. Melendez believes that no further action by the Court is required at this time.

Mr. Melendez respectfully recommends this Court consider the matter of the missing files closed and discharge its order to show cause.

DATED:  June 12, 2020                    Respectfully submitted,

                                         MAUREEN FRANCO
                                         FEDERAL PUBLIC DEFENDER

                                         _/s/ Tivon Schardl_
                                         Tivon Schardl
                                         Capital Habeas Unit Chief
                                         FL Bar No. 73016
                                         Federal Defender Office
                                         919 Congress, Suite 950
                                         Austin, Texas 78701
                                         737-207-3007 (tel.)
                                         512-499-1584 (fax)
                                         Tivon_Schardl@fd.org

                                         Attorneys for Petitioner Pablo Melendez, Jr.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of June 2020, I electronically filed the foregoing Status Report with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record. L.R. 5.1(d). I further certify that on the same date I served the by FedEx on attorney Jack Strickland, 909 Throckmorton Street, Fort Worth, Texas, 76102-6321, and emailed it to him.


*/s/ Tivon Schardl*
TIVON SCHARDL